IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| DAVID BRACK GATEWOOD, | ) | |
| Register No. 526922, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-4009-CV-C-SOW |
| | ) | |
| SGT. BLOUNT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff David Brack Gatewood, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On June 5, 2006, plaintiff's file was returned to this court from the United States Court of Appeals for the Eighth Circuit. Plaintiff's interlocutory appeal was dismissed by the appellate court upon plaintiff's voluntary motion for dismissal, pursuant to Fed. R. App. P. 42(b).

Upon issuance of the mandate by the Eighth Circuit Court of Appeals, this court has regained jurisdiction, and will address the outstanding motions in this case.

Plaintiff has a motion for preliminary injunction pending in this case. Upon review, plaintiff's motion should be denied.

Although the federal courts have broad power to grant or deny equitable relief in a civil rights action, Holt v. Sarver, 442 F.2d 304 (8th Cir. 1971), a "large degree of discretion is vested in the trial court" in determining whether an injunction should issue. American Home Investment Co. v. Bedel, 525 F.2d 1022, 1023 (8th Cir. 1975), cited with approval in Rittmiller v. Blex Oil, Inc., 624 F.2d 857 (8th Cir. 1980). See also Cole v. Benson, 760 F.2d 226 (8th Cir. 1985). In Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir. 1981), the court delineated the factors to be considered in ruling a motion for preliminary injunctive relief.

> Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the plaintiff; (2) the state of balance between such harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.

Id. at 113.  Further, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1981) (quoting Holiday Inns of America, Inc. v. B. & B. Corp., 409 F.2d 614, 618 (3d Cir. 1969)).  Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." Dataphase, 640 F.2d at 113.  The burden of proof is on the party seeking injunctive relief. United States v. Dorgan, 522 F.2d 969, 973 (8th Cir. 1975).

Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470 (8th Cir. 1994).

Plaintiff's claims for preliminary injunctive relief request that he not be subjected to Tuberculosis testing via a needle injection.  This claim has already been addressed by this court in the order dismissing plaintiff's claims against Correctional Medical Service defendants Wright and Bolton.  Therefore, the preliminary injunctive relief plaintiff seeks is not warranted, and such motion should be denied.

Plaintiff also has two motions for appointment of counsel pending before this court. Plaintiff's prior requests for counsel in this case have been denied, without prejudice.  Upon review, this court finds there have been no significant change in this case warranting appointment of counsel at this time, and for the reasons previously set forth by this court, plaintiff's motions are denied.

On November 1, 2005, defendants Blount, King, Ruppel and Bays filed a motion for summary judgment.  On November 9, 2005, plaintiff filed a motion for an extension of time to file a response to such motion.  On November 23, 2006, plaintiff filed a pleading entitled "Evidence, Facts and Common Sense."  Defendants subsequently filed a motion to strike or clarify plaintiff's filing, stating that it fails to indicate whether it is a response to defendants'

motion for summary judgment or whether it seeks to amend plaintiff's complaint. Defendants state that such filing fails to comply with local rules for filing a response to summary judgment, and that if such filing seeks to amend the complaint, that plaintiff has not been granted leave by the court to file such amendment.

Plaintiff's motion for an extension of time to respond to summary judgment is moot in light of the extended period that such motion has been pending during the processing of plaintiff's interlocutory appeal. Further, the court is unable to distinguish the purpose of plaintiff's filing labeled "Evidence, Facts and Common Sense." The filing was made subsequent to plaintiff's motion for an extension of time to file a response to defendants' motion for summary judgment; however, such filing fails to indicate that it is a response to summary judgment, and appears to be an attempt by plaintiff to amend his complaint. Therefore, plaintiff is to clarify the purpose of his filing with this court within fourteen days of the date of this order, or the filing will be stricken from this case. Plaintiff is to further show cause within fourteen days why defendants' motion for summary judgment should not be granted. A failure to file a response to defendants' motion for summary judgment will be treated as a lack of opposition to such motion.

IT IS, THEREFORE, ORDERED that within fourteen days of the date of this order, plaintiff show cause why defendants' motion for summary judgment should not be granted; and file clarification with this court as to the purpose of plaintiff's filing "Evidence, Facts and Common Sense" [46]. It is further

ORDERED that plaintiff's motion for an extension of time is moot [42]. It is further

ORDERED that plaintiff's motions for appointment of counsel are denied, without prejudice [36, 49]. It is further

ORDERED that plaintiff's motion to hear from the judge regarding the status of his case is moot [50]. It is further

RECOMMENDED that plaintiff's motion for preliminary injunctive relief be denied [37].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include

3

matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 27th day of July, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

4