# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| DAVID BRACK GATEWOOD, ) | | |
| Register No. 526922, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | No. 05-4009-CV-C-SOW | |
| ) | | |
| SGT. BLOUNT, et al., ) | | |
| ) | | |
| Defendants. ) | | |

## ORDER

On November 1, 2005, defendants filed a motion for summary judgment and on December 2, 2005, a motion to strike or, in the alternative, for clarification of plaintiff's November 23, 2005 filing entitled "Evidence, Facts, and Common Sense." A ruling on such motions was delayed during the pendency of plaintiff's interlocutory appeal. On July 27, 2006, subsequent to a remand from the appellate court, plaintiff was ordered to show cause why defendants' motion for summary judgment should not be granted; and to file clarification with this court as to the purpose of his November 23, 2005 filing. Plaintiff has failed to respond.

Upon consideration of defendants' motion to strike and plaintiff's failure to respond, plaintiff's filing entitled "Evidence, Facts and Common Sense" is stricken from the record for cause shown.

For the reasons set forth below, defendants' motion for summary judgment is granted.

In support of their motion for summary judgment, defendants state their brief restraint of plaintiff upon his admitted refusal to submit to a state-mandated tuberculosis (TB) test was reasonable and did not constitute cruel and unusual punishment. Defendants further state that such TB testing, known as the Mantoux TB test, did not pose an unnecessary risk to plaintiff's health.

### Summary Judgment Standard

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's

case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact."  City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial.  Celotex, 477 U.S. at 323.  Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact."  Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985).  In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts.  Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment.  Fed. R. Civ. P. 56(c).

**Excessive Force**

Prison officials may use force that is reasonable and necessary under the circumstances to achieve a legitimate penal objective.  Whitley v. Albers, 475 U.S. 312, 320-21 (1986).  The "unnecessary and wanton infliction of pain," however, violates the Eighth Amendment.  Id. at 319 (citation omitted).  Thus, when a prisoner alleges prison officials used excessive force, the appropriate test is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm."  Hudson v. McMillian, 503 U.S. 1, 6 (1992).  Prison officials act maliciously when they "undertak[e], without just cause or reason, a course of action intended to injure another"; they act sadistically when they "engag[e] in extreme or excessive cruelty."  Howard v. Barnett, 21 F.3d 868, 872 (8th Cir. 1994).  In determining whether prison officials acted maliciously and sadistically for the purpose of causing harm, the fact finder should consider the threat the officials reasonably

2

perceived, the need for force, the relationship between the need for force and the amount of force used, and the injuries inflicted. Id. at 871.

Prison officials are not liable under the Eighth Amendment simply because it appears, in retrospect, that they used an unreasonable amount of force. Whitley, 475 U.S. at 319; Jasper v. Thalacker, 999 F.2d 353, 354 (8th Cir. 1993). When faced with a disturbance, prison officials must act quickly and decisively to restore order. Hudson, 503 U.S. at 6. Courts should not interfere with prison administration unless officials have acted in bad faith or without any legitimate purpose. Stenzel v. Ellis, 916 F.2d 423, 427 (8th Cir. 1990).

An excessive-force plaintiff must suffer "actual injury." Dawkins v. Graham, 50 F.3d 532, 535 (8th Cir. 1995).

Although serious injury is not required to show cruel and unusual punishment, Hudson v. McMillian, 503 U.S. 1 (1992), it is a factor that may be considered. Howard, 21 F.3d at 871. See also Dawkins v. Graham, 50 F.3d at 535 (an excessive-force plaintiff must show "actual injury," which is less than "significant injury").

## Discussion

Upon review, the court finds that defendants' motion for summary judgment has merit. The use-of-force incident was brief, and was done for the purpose of obtaining compliance with state-mandated prisoner TB testing on plaintiff, which plaintiff admits he was refusing. There is no evidence to support allegations that the force used was unreasonable or done sadistically for the very purpose of causing harm. The use of force was de minimis, and there is no evidence of serious physical injuries to plaintiff. Plaintiff's allegations in his complaint state that his glasses were broken during the incident, and that he believed this was an attempt to blind him. However, there is no evidence that defendants were intentionally trying to break plaintiff's glasses or cause injury to his eyes, and in fact, plaintiff suffered no injury to his eyes.

### Cruel and Unusual Punishment/Deliberate Indifference

There is also no evidence to support plaintiff's allegations that the TB test administered to him by medical officials during the use-of-force incident posed a risk to his health or safety. This court has already determined in this case that the administration of the Mantoux TB test to plaintiff was not a threat to his health or safety. This court granted summary judgment on plaintiff's claims against Correctional Medical Service defendants, finding that their actions of

3

administering the Mantoux TB test to plaintiff did not compromise or threaten his health in any way; and defendants' administration of the Mantoux test was done for legitimate public health purposes, and as required by state and federal law. This court determined that the administration of the TB test did not constitute cruel and unusual punishment or deliberate indifference in violation of the Eighth Amendment. <u>See</u> Docs. No. 22 and 30.

**Conclusion**

The undisputed evidence is that all prisoners must submit to a state-mandated TB test, and that plaintiff was refusing to submit to such test at the time of the use-of-force incident. The use of force was done for the legitimate penological objective to screen inmates for TB, a disease which is very contagious, especially within the close quarters of a prison environment. There is no evidence to support plaintiff's claim that the force used was unreasonable. No reasonable jury could find, based upon the undisputed evidence, that the use of force by defendants was done maliciously or for the very purpose of causing harm. Defendants are entitled to judgment as a matter of law and summary judgment is granted.

In light of this court's finding that plaintiff's constitutional rights under 42 U.S.C. § 1983 have not been violated, defendants' additional argument for dismissal on qualified immunity grounds need not be addressed.

**Injunctive Relief**

On July 27, 2006, the United States Magistrate Judge recommended that plaintiff's motion for preliminary injunctive relief be denied. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C). No exceptions have been filed.

A review of the record convinces the court that the recommendation of the Magistrate Judge is correct and should be adopted.

IT IS, THEREFORE, ORDERED that the Magistrate Judge's July 27, 2006 Report and Recommendation is adopted [53]. It is further

ORDERED that plaintiff's motion for preliminary injunctive relief is denied [37]. It is further

ORDERED that defendants' motion to strike is granted and plaintiff's filing entitled "Evidence, Facts, and Common Sense" is stricken from the record [46, 43]. It is further

ORDERED that defendants' motion for summary judgment is granted and plaintiff's claims are dismissed [41].

/s/

SCOTT O. WRIGHT
Senior United States District Judge

Dated: August 29, 2006
Kansas City, Missouri

5